Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*pro hac vice* pending)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; and **ADIDAS AG**, a foreign entity,<br><br>                Plaintiffs,<br><br>    v.<br><br>**COUGAR SPORT, INC.**, a New York corporation,<br><br>                Defendant. | No. 3:15-cv-01856<br><br>**COMPLAINT**<br>(Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices)<br><br>**DEMAND FOR JURY TRIAL** |

1-   COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendant Cougar Sport, Inc. ("Cougar Sport" or "Defendant").

## I. INTRODUCTION

1. For decades, adidas has manufactured, sold, and promoted apparel and footwear bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"). adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark for apparel and footwear, and adidas has invested millions of dollars building its brand in connection with the Three-Stripe Mark.

2. Despite adidas's rights in the famous Three-Stripe Mark, Cougar Sport is designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling apparel bearing confusingly similar imitations of adidas's Three-Stripe Mark, as depicted in the examples below:





2- COMPLAINT

21184-0110/128078437.1

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Cougar Sport's apparel is not manufactured by adidas, nor is Cougar Sport connected or affiliated with, or authorized by, adidas in any way. Cougar Sport's merchandise is likely to cause confusion, deceive the public regarding its source, and dilute and tarnish the distinctive quality of adidas's Three-Stripe Mark.

3. This is an action at law and in equity for trademark infringement and dilution, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et. seq.* (2009); the antidilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to: (a) permanently enjoin Cougar Sport from marketing or selling apparel bearing confusingly similar imitations of the Three-Stripe Mark; (b) award adidas monetary damages and to treble any monetary damages award; (c) require Cougar Sport to disgorge all profits from sales of the infringing apparel; and (d) award adidas punitive damages, attorneys' fees, and costs.

## II.    JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

5. This Court has personal jurisdiction over Cougar Sport because, on information and belief, (a) Cougar Sport has marketed, distributed, offered for sale, and/or sold to persons within the State of Oregon, (b) Cougar Sport regularly transacts and conducts business within the State of Oregon; and/or (c) Cougar Sport otherwise has made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

6. The District of Oregon is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

3-    COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### III.     PARTIES

7.     Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

8.     Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive Three-Stripe Mark.  adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

9.     On information and belief, Defendant Cougar Sport, Inc. is a New York corporation, having a principal place of business at 55 W. 39th Street, Suite 305, New York, New York 10018.

### IV.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     adidas's Famous Three-Stripe Mark**

10.     adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  Over sixty (60) years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

11.     At least as early as 1952, adidas began using its Three-Stripe Mark on footwear sold in the United States and worldwide.  The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear.  Pages from adidas catalogs featuring examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

4-     COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

12. At least as early as 1967, adidas began using the Three-Stripe Mark on apparel sold in the United States and worldwide. Pages from adidas catalogs featuring examples of apparel bearing the Three-Stripe Mark are attached as **Exhibit 2**.

13. adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the United States Patent and Trademark Office ("PTO") on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

14. adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

15. adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."

5- COMMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

16. adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

17. adidas also owns numerous additional trademark registrations for the Three-Stripe Mark covering apparel (Reg. Nos. 870,136, 2,016,963, 2,284,308, 3,063,742, 3,063,745, 3,183,656, and 3,236,505). Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 7**.

18. Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes" including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0110/128078437.1

19.    adidas's Three-Stripe Mark is well-known and famous and has been for many years.  adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of musical artists, including pop-stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

20.    adidas also has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams.  For example, adidas has had longstanding relationships with the University of California at Los Angeles, the University of Nebraska, Arizona State University, the University of Louisville, Mississippi State University, and the University of Miami.  Among many others, adidas sponsors:  (a) NFL stars Aaron Rodgers, DeMarco Murray, Jimmy Graham, Von Miller, Sammy Watkins, and Robert Griffin III; (b) NBA stars Tim Duncan, James Harden, John Wall, Damian Lillard, and Derrick Rose; (c) baseball players Josh Harrison, Justin Upton, Kris Bryant, Carlos Gomez, Melvin Upton Jr., and James Shields; (d) professional golfer Sergio Garcia; and (e) internationally famous soccer players David Beckham and Lionel Messi.  For decades, adidas also has sponsored the world-famous Boston Marathon, along with many other events, teams, and individuals.

21.    The Three-Stripe Mark is nonfunctional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's merchandise. Indeed, unsolicited media coverage has referred to "the iconic adidas three stripes" (Brettman, Allan, "World Cup Brings New Shoes, Uniforms from Adidas, Nike," *The Oregonian*, Feb. 17, 2014), adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012), "the adidas stripes" (Brettman, Allan, "A $35 Swoosh of Genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants,"

7-    COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*New York Times*, July 27, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows Function with Much Olympic Wear, but Fashion and Funding are also at Play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999).

22.   For decades, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with footwear and apparel. In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States. The Three-Stripe Mark has achieved international fame and tremendous public recognition.

23.   Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark. For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand." A March 15, 2011 article from *The Oregonian* describing this advertising campaign is attached as **Exhibit 9**. Similarly, adidas has recently launched its "Sport 15" advertising campaign, which will be adidas's biggest ever ad spend in the United States. The campaign features soccer superstar Lionel Messi, Derrick Rose of the Chicago Bulls and DeMarco Murray of the Philadelphia Eagles. A February 13, 2015 article from *AdWeek* describing the advertising campaign is attached as **Exhibit 10**. As a result of adidas's continuous and exclusive use of the Three-Stripe Mark in connection with its products, the mark enjoys wide public acceptance and association with adidas, and has come to be recognized widely and favorably by the public as an indicator of the origin of adidas's goods.

8-   COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

24.  As a result of adidas's extensive use and promotion of the Three-Stripe Mark, adidas has built up and now owns extremely valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the Three-Stripe Mark with adidas.

**B.  Cougar Sport's Unlawful Activities**

25.  In blatant disregard of adidas's rights, Cougar Sport has been designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling in interstate commerce apparel that bears confusingly similar imitations of adidas's Three-Stripe Mark, including the examples depicted below (the "Infringing Apparel"):



26.  On April 10, 2014, Cougar Sport applied to register the following four-stripe mark with the PTO in connection with "pants, shirts, shorts, jackets":

9-    COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Cougar Sport's application ultimately was amended to seek registration on the Supplemental Register and matured into Supplemental Reg. No. 4733403 on May 5, 2015.

27.     On February 12, 2015, Cougar Sport applied to register the four-stripe mark depicted below with the PTO, application Serial No. 86532591, in connection with "clothing, namely, pants, shirts, shorts, and jackets":



On information and belief, Cougar Sport's application Serial No. 86532591 is pending before the PTO.

28.     On July 2, 2015, Cougar Sport applied to register the following four-stripe mark with the PTO, application Serial No. 86681902, in connection with "clothing, namely, pants, shirts, shorts, and jackets":

10- COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



On information and belief, Cougar Sport's application Serial No. 86681902 is pending before the PTO.

29.     The four parallel stripe mark featured on the Infringing Apparel bears four parallel stripes down the outer seam of the apparel in a manner likely to be confused with adidas's famous Three-Stripe Mark.

30.     On information and belief, Cougar Sport had knowledge of adidas's Three-Stripe Mark when it began designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing Apparel.  On further information and belief, Cougar Sport intentionally adopted and used confusingly similar imitations of the Three-Stripe Mark knowing that they would mislead and deceive consumers into believing that the apparel was produced, authorized, or licensed by adidas, or that the apparel originated from adidas.

31.     The Infringing Apparel designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and/or sold by Cougar Sport is not manufactured by adidas.  Nor is Cougar Sport associated or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

32.     adidas used the Three-Stripe Mark extensively and continuously before Cougar Sport began designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling confusingly similar imitations of adidas's apparel.

33.     The Infringing Apparel is similar to, and competes with, apparel sold by adidas, and the parties' respective apparel is sold through overlapping channels of trade.

11-  COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

34. Cougar Sport's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the apparel sold by Cougar Sport is manufactured by, authorized by, or in some manner associated with adidas, which it is not.  The likelihood of confusion, mistake, and deception engendered by Cougar Sport's infringement and dilution of adidas's mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

35. Cougar Sport's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Cougar Sport's Infringing Apparel at the point of sale or on a wearer are likely—due to Cougar Sport's use of confusingly similar imitations of the Three-Stripe Mark—to mistakenly attribute the apparel to adidas.  This is particularly damaging with respect to those people who perceive a defect or lack of quality in Cougar Sport's products.  By causing a likelihood of confusion, mistake, and deception, Cougar Sport is inflicting irreparable harm on the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

36. On information and belief, Cougar Sport continues to use confusingly similar imitations of the Three-Stripe Mark in connection with the sale of apparel that competes with the apparel manufactured and sold by adidas.  Cougar Sport began selling the Infringing Apparel well after adidas had established protectable rights in its Three-Stripe Mark and well after the Three-Stripe Mark had become famous.

37. On further information and belief, Cougar Sport knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of adidas's Three-Stripe Mark.

12-  COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

38. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

39. Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by adidas, or are associated or connected with adidas.

40. Defendant has used marks confusingly similar to adidas's federally registered Three-Stripe Mark in violation of 15 U.S.C. § 1114. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to adidas's goodwill and reputation as symbolized by the registered Three-Stripe Mark, for which adidas has no adequate remedy at law.

41. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered Three-Stripe Mark to adidas's great and irreparable injury.

42. Defendant has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

43. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

13- COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

44. Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Apparel is manufactured or distributed by adidas, is affiliated, connected, or associated with adidas, or has the sponsorship, endorsement, or approval of adidas.

45. Defendant has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a).  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

46. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

47. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF
**(Unfair and Deceptive Trade Practices)**

48. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

49. Defendant has been and is passing off its goods as those of adidas, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendant's apparel; causing a likelihood of confusion as to Defendant's affiliation, connection, or association with adidas; and otherwise damaging adidas and the consuming public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business,

14-  COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

50.    Defendant's unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## **FOURTH CLAIM FOR RELIEF**
### **(Common Law Trademark Infringement and Unfair Competition)**

51.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

52.    Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law for this injury.

53.    On information and belief, Defendant acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

15- COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

54. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

55. As a result of Defendant's acts, adidas has been damaged in an amount not yet determined or ascertainable. At a minimum, however, adidas is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Defendant from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

### FIFTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

56. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

57. For decades, adidas has exclusively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world. The mark therefore had become a famous and well-known symbol of adidas and its products well before Defendant offered for sale the Infringing Apparel.

58. Defendant is making use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of the famous Three-Stripe Mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the Three-Stripe Mark, and otherwise lessening the capacity of the Three-Stripe Mark to identify and distinguish adidas's goods.

59. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark to the great and irreparable injury of adidas.

16- COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

60. Defendant has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1. Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined permanently, from:

   a. manufacturing, sourcing, distributing, marketing, promoting, offering for sale, or selling the Infringing Apparel;

   b. using adidas's Three-Stripe Mark or any other copy, reproduction, colorable imitation or simulation of the Three-Stripe Mark on or in connection with Defendant's products;

   c. using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to adidas's Three-Stripe Mark;

   d. using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by adidas, are sponsored or authorized by adidas, or are in any way connected or related to adidas;

17- COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

    e.   using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of adidas; and

    f.   passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

    2.   Defendant be ordered to recall and retrieve all products bearing the Three-Stripe Mark or any other confusingly similar variation thereof, which have been shipped by Defendant or under its authority, to any store or customer, including, but not limited to, any retail store, marketer, distributor, or distribution center, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

    3.   Defendant be ordered to deliver up for impoundment and for destruction all apparel, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery, or other materials in the possession, custody, or under the control of Defendant that are found to adopt, use, feature, infringe, or dilute any of adidas's trademarks or that otherwise unfairly compete with adidas or adidas's products;

    4.   Defendant be compelled to account to adidas for any and all profits derived by Defendant from the sale or distribution of the Infringing Apparel;

    5.   adidas be awarded all damages caused by the acts forming the basis of this Complaint;

    6.   Based on Defendant's knowing and intentional use of confusingly similar imitations of adidas's Three-Stripe Mark, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b);

18- COMPLAINT

21184-0110/128078437.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

7.    Defendant be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.    Based on Defendant's willful and deliberate infringement and/or dilution of adidas's Three-Stripe Mark, and to deter such conduct in the future, adidas be awarded punitive damages;

9.    Defendant be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

10.    adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED:  September 30, 2015

PERKINS COIE LLP

By: s/ Stephen M. Feldman
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn, Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*pro hac vice* pending)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

19-  COMPLAINT

21184-0110/128078437.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222