Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (admitted *pro hac vice*)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; and **ADIDAS AG**, a foreign entity, | No. 3:15-cv-01856-SI |
| Plaintiffs, | **SECOND AMENDED COMPLAINT** (Counterfeiting, Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices) |
| v. | |
| **COUGAR SPORT, INC.**, a New York corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

1-    SECOND AMENDED COMPLAINT

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Second Amended Complaint against Defendant Cougar Sport, Inc. ("Cougar Sport" or "Defendant").

## I.    INTRODUCTION

1.    For decades, adidas has manufactured, sold, and promoted apparel and footwear bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark") as well as its famous logo, depicted below, known as the "Badge of Sport Mark":



2.    adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark and its Badge of Sport Mark (collectively, the "adidas Marks") for apparel and footwear, and adidas has invested millions of dollars building its brand in connection with the adidas Marks.

3.    Despite adidas's rights in the famous Three-Stripe Mark, Cougar Sport is designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling apparel bearing counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark, as depicted in the examples below (the "Infringing Apparel"):

### COUNTERFEIT APPAREL

**Cougar Sport's Counterfeit Apparel**          **adidas Genuine Apparel**

          

2-    SECOND AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222





**INFRINGING APPAREL**







4.      Moreover, Cougar Sport's Infringing Apparel also bears a logo comprised of four stripes, which is confusingly similar to adidas's Badge of Sport Mark, as depicted below (the "Infringing Logo"):

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



5.      Cougar Sport's apparel is not manufactured by adidas, nor is Cougar Sport connected or affiliated with, or authorized by, adidas in any way.  Cougar Sport's merchandise is likely to cause confusion, deceive the public regarding its source, and dilute and tarnish the distinctive quality of the adidas Marks.

6.      This is an action at law and in equity for counterfeiting, trademark infringement and dilution, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et. seq.* (2009); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law.  Among other relief, adidas asks this Court to: (a) permanently enjoin Cougar Sport from marketing or selling apparel bearing counterfeit and/or confusingly similar imitations of the adidas Marks; (b) award adidas monetary damages and to treble any monetary damages award; (c) require Cougar Sport to disgorge all profits from sales of the Infringing Apparel; and (d) award adidas punitive damages, attorneys' fees, and costs.

## II.      JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

8.      This Court has personal jurisdiction over Cougar Sport because, on information and belief, (a) Cougar Sport has marketed, distributed, offered for sale, and/or sold to persons within the State of Oregon, (b) Cougar Sport regularly transacts and conducts business within the State of Oregon; and/or (c) Cougar Sport otherwise has made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

9.     The District of Oregon is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

### III.    PARTIES

10.     Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

11.     Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive adidas Marks.  adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

12.     On information and belief, Defendant Cougar Sport, Inc. is a New York corporation, having a principal place of business at 55 W. 39th Street, Suite 305, New York, New York 10018.

### IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    adidas's Famous Three-Stripe Mark**

13.     adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  Over sixty (60) years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

5-   SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

14.     At least as early as 1952, adidas began using its Three-Stripe Mark on footwear sold in the United States and worldwide.  The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear.  Pages from adidas catalogs featuring examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

15.     At least as early as 1967, adidas began using the Three-Stripe Mark on apparel sold in the United States and worldwide.  Examples of adidas apparel bearing the Three-Stripe Mark are depicted on the following pages, and pages from adidas catalogs featuring additional examples of apparel bearing the Three-Stripe Mark are attached as **Exhibit 2**.

16.     adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the United States Patent and Trademark Office ("PTO") on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

17.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



6-    SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

18.    adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

19.    adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

20.    adidas is the owner of a federal trademark registration, Reg. No. 2,284,308, issued by the PTO on October 12, 1996, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely pants."

7-    SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0110/130582242.1



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 7**.

21.     adidas also owns numerous additional trademark registrations for the Three-Stripe Mark covering apparel (Reg. Nos. 870,136, 2,016,963, 3,063,742, 3,063,745, 3,183,656, 3,236,505, and 4,910,643).  Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 8**.

22.     Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes," including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 9**.

23.     One well-known mark incorporating the Three-Stripe Mark is adidas's Badge of Sport Mark which is depicted below:



24.     adidas also owns numerous federal registrations for the Badge of Sport Mark, including Reg. Nos. 2,179,796, 2,411,802, 2,532,007, 2,651,325, 2,627,645, and 3,708,658.

8-    SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and these registrations are incontestable. Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 10**.

25.     The adidas Marks are well-known and famous and have been for many years. adidas has used the adidas Marks in connection with its frequent sponsorship of musical artists, including pop-stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

26.     adidas also has used the adidas Marks in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has had longstanding relationships with the University of California at Los Angeles, the University of Nebraska, the University of Michigan, Arizona State University, the University of Louisville, Mississippi State University, and the University of Miami. Among many others, adidas sponsors: (a) NFL Stars Aaron Rodgers, DeMarco Murray, Jimmy Graham, Von Miller, Sammy Watkins, and Robert Griffin III; (b) NBA stars James Harden, John Wall, Tim Duncan, Damian Lillard, and Derrick Rose; (c) baseball players Josh Harrison, Justin Upton, Kris Bryant, Carlos Gomez, Melvin Upton Jr., and James Shields; (d) professional golfer Sergio Garcia; and (e) internationally famous soccer players David Beckham and Lionel Messi. For decades, adidas also has sponsored the world-famous Boston Marathon, along with many other events, teams, and individuals.

27.     The adidas Marks are nonfunctional, and the public recognizes and understands that the Three-Stripe Mark, which is incorporated in the Badge of Sport Mark, distinguishes and identifies adidas's merchandise. Indeed, unsolicited media coverage has referred to "the iconic adidas three stripes" (Brettman, Allan, "World Cup Brings New Shoes, Uniforms from Adidas, Nike," *The Oregonian*, Feb. 17, 2014), adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012),

9-   SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

"the adidas stripes" (Brettman, Allan, "A $35 Swoosh of Genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," *New York Times*, July 26, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows Function with Much Olympic Wear, but Fashion and Funding are also at Play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999).  Copies of the above-referenced articles are attached collectively as **Exhibit 11**.

28.    For decades, adidas extensively and continuously has used and promoted the adidas Marks in connection with footwear and apparel.  In recent years, annual sales of products bearing the adidas Marks have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.  The adidas Marks have achieved international fame and tremendous public recognition.

29.    Since introducing the adidas Marks, adidas has spent millions of dollars promoting the marks and products bearing the marks.  For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand."  *See* Exhibit 11 (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011).  Similarly, adidas recently launched its "Sport 15" advertising campaign, which will be adidas's biggest ever ad spend in the United States.  The campaign features soccer superstar Lionel Messi, Derrick Rose of the Chicago Bulls, and DeMarco Murray of the Tennessee Titans.  A February 13, 2015 article from *AdWeek* describing the advertising

10-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

campaign is attached as **Exhibit 12**.  As a result of adidas's continuous and exclusive use of the adidas Marks in connection with its products, the marks enjoy wide public acceptance and association with adidas, and have come to be recognized widely and favorably by the public as indicators of the origin of adidas's goods.

30.    As a result of adidas's extensive use and promotion of the adidas Marks, adidas has built up and now owns extremely valuable goodwill that is symbolized by the marks.  The purchasing public has come to associate the adidas Marks with adidas.

**B.    Cougar Sport's Unlawful Activities**

31.    In blatant disregard of adidas's rights, Cougar Sport has been designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling in interstate commerce its Infringing Apparel, which bears counterfeit and/or confusingly similar imitations of the adidas Marks, including the Infringing Logo, as shown in the examples depicted below:

<u>**Cougar Sport's Counterfeit Apparel**</u>





**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### Cougar Sport's Infringing Apparel



32.     On April 10, 2014, Cougar Sport applied to register the following four-stripe

mark with the PTO in connection with "pants, shirts, shorts, jackets":

12-  SECOND AMENDED COMPLAINT

21184-0110/130582242.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Cougar Sport's application ultimately was amended to seek registration on the Supplemental Register and matured into Supplemental Reg. No. 4733403 on May 5, 2015.

33.    On February 12, 2015, Cougar Sport applied to register the four-stripe mark depicted below with the PTO, application Serial No. 86532591, in connection with "clothing, namely, pants, shirts, shorts, and jackets":



On information and belief, Cougar Sport's application Serial No. 86532591 is pending before the PTO.

34.    On July 2, 2015, Cougar Sport applied to register the following four-stripe mark with the PTO, application Serial No. 86681902, in connection with "clothing, namely, pants, shirts, shorts, and jackets":

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



On information and belief, Cougar Sport's application Serial No. 86681902 is pending before the PTO.

35.     The spurious three parallel stripe mark featured on the Infringing Apparel bears three parallel stripes down the outer seam of the apparel in a manner identical to or substantially indistinguishable from adidas's Three-Stripe Mark.

36.     The four parallel stripe mark featured on the Infringing Apparel bears four parallel stripes down the outer seam of the apparel in a manner likely to be confused with adidas's famous Three-Stripe Mark.

37.     The Infringing Logo featured on the Infringing Apparel is also likely to be confused with the adidas Marks.

38.     On information and belief, Cougar Sport had knowledge of the adidas Marks when it began designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing Apparel.  On further information and belief, Cougar Sport intentionally adopted and used counterfeit and/or confusingly similar imitations of the adidas Marks knowing that they would mislead and deceive consumers into believing that the apparel was produced, authorized, or licensed by adidas, or that the apparel originated from adidas.

39.     The Infringing Apparel designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and/or sold by Cougar Sport is not manufactured by adidas.  Nor is Cougar Sport associated or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

14-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

40.     adidas used the adidas Marks extensively and continuously before Cougar Sport began using the Infringing Logo and designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling counterfeit and/or confusingly similar imitations of adidas's apparel.

41.     The Infringing Apparel is similar to, and competes with, apparel sold by adidas, and the parties' respective apparel is sold through overlapping channels of trade.

42.     Cougar Sport's use of counterfeit and/or confusingly similar imitations of the adidas Marks is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the apparel sold by Cougar Sport is manufactured by, authorized by, or in some manner associated with adidas, which it is not.  The likelihood of confusion, mistake, and deception engendered by Cougar Sport's infringement and dilution of the adidas Marks is causing irreparable harm to the goodwill symbolized by the marks and the reputation for quality that they embody.

43.     Cougar Sport's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Cougar Sport's Infringing Apparel at the point of sale or on a wearer are likely—due to Cougar Sport's use of counterfeit and/or confusingly similar imitations of the adidas Marks—to mistakenly attribute the apparel to adidas.  This is particularly damaging with respect to those people who perceive a defect or lack of quality in Cougar Sport's products.  By causing a likelihood of confusion, mistake, and deception, Cougar Sport is inflicting irreparable harm on the goodwill symbolized by the adidas Marks and the reputation for quality that they embody.

44.     On information and belief, Cougar Sport continues to use counterfeit and/or confusingly similar imitations of the adidas Marks in connection with the sale of apparel that competes with the apparel manufactured and sold by adidas.  Cougar Sport began selling the Infringing Apparel well after adidas had established protectable rights in the adidas Marks and well after the adidas Marks had become famous.

15-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

45.     On further information and belief, Cougar Sport knowingly, willfully, intentionally, and maliciously adopted and used counterfeit and/or confusingly similar imitations of the adidas Marks.

## FIRST CLAIM FOR RELIEF
### (COUNTERFEITING)

46.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

47.     Defendant has knowingly manufactured, imported, distributed, marketed, promoted, offered for sale, and/or sold apparel that bears spurious marks that are identical to and substantially indistinguishable from adidas's Three-Stripe Mark.

48.     As a result of Defendant's manufacturing, importing, distributing, marketing, promoting, offering for sale, and/or selling of apparel bearing three stripes as identified above, Defendant is using a counterfeit mark, as that term is defined in 15 U.S.C. § 1116(d)(1)(B) of the Lanham Act, and, accordingly, Defendant is liable under the anti-counterfeiting provisions of the Lanham Act.

49.     Defendant's use of a spurious mark identical to or substantially indistinguishable from the Three-Stripe Mark violates 15 U.S.C. § 1114, and Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to adidas's goodwill and reputation as symbolized by its federally registered Three-Stripe Mark, for which adidas has no adequate remedy at law.

50.     Defendant is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.  Additionally, pursuant to 15 U.S.C. § 1117(b), adidas is entitled to trebling of the greater of profits or damages, and to

16-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

prejudgment interest.  Alternatively, and at adidas's election, pursuant to 15 U.S.C. § 1117(c), adidas is entitled to recover statutory damages for Defendant's willful use of a counterfeit mark.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement)

51.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

52.    Defendant's use of confusingly similar imitations of the adidas Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by adidas, or are associated or connected with adidas.

53.    Defendant has used marks confusingly similar to adidas's federally registered adidas Marks in violation of 15 U.S.C. § 1114.  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to adidas's goodwill and reputation as symbolized by the registered adidas Marks, for which adidas has no adequate remedy at law.

54.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered adidas Marks to adidas's great and irreparable injury.

55.    Defendant has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition)

56.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

17-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

57.     Defendant's use of confusingly similar imitations of the adidas Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Apparel is manufactured or distributed by adidas, is affiliated, connected, or associated with adidas, or has the sponsorship, endorsement, or approval of adidas.

58.     Defendant has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a).  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the adidas Marks, for which adidas has no adequate remedy at law.

59.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the adidas Marks to the great and irreparable injury of adidas.

60.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

61.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

62.     Defendant has been and is passing off its goods as those of adidas, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendant's apparel; causing a likelihood of confusion as to Defendant's affiliation, connection, or association with adidas; and otherwise damaging adidas and the consuming public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several

18-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

states, including California, CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009);

Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL.

CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-

375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP.

STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to

1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska,

NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to

57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio,

OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA.

STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

  63. Defendant's unauthorized use of confusingly similar imitations of the adidas

Marks has caused and is likely to cause substantial injury to the public and to adidas.  adidas is

entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs,

and reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

  64. adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

  65. Defendant's acts constitute common law trademark infringement and unfair

competition, and have created and will continue to create, unless restrained by this Court, a

likelihood of confusion to the irreparable injury of adidas.  adidas has no adequate remedy at law

for this injury.

  66. On information and belief, Defendant acted with full knowledge of adidas's use

of, and statutory and common law rights to, the adidas Marks and without regard to the

likelihood of confusion of the public created by Defendant's activities.

19-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

67.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the adidas Marks to the great and irreparable injury of adidas.

68.     As a result of Defendant's acts, adidas has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, adidas is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs.  Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of the adidas Marks, and the need to deter Defendant from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## SIXTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

69.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

70.     For decades, adidas has exclusively and continuously promoted and used the registered adidas Marks both in the United States and throughout the world.  The marks therefore had become famous and well-known symbols of adidas and its products well before Defendant offered for sale the Infringing Apparel.

71.     Defendant is making use in commerce of marks that dilute and are likely to dilute the distinctiveness of the adidas Marks by eroding the public's exclusive identification of these famous marks with adidas, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish adidas's goods.

72.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the adidas Marks or to cause dilution of the adidas Marks to the great and irreparable injury of adidas.

20-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

73.    Defendant has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of the famous adidas Marks in violation of 15 U.S.C. § 1125(c).  adidas therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**SEVENTH CLAIM FOR RELIEF**
**(State Trademark Dilution)**

74.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

75.    adidas has extensively and continuously promoted and used the registered adidas Marks both in the United States and throughout the world, and the marks had thereby become a distinctive, famous, and well-known symbol of adidas's goods and services well before Defendant designed, sourced, manufactured, imported, distributed, marketed, promoted, offered for sale, or sold the Infringing Apparel.  Each of the adidas Marks is widely recognized by the general consuming public as a designation that adidas is the source of the goods bearing the mark.

76.    Defendant's unauthorized imitations of the adidas Marks dilute and are likely to dilute the distinctiveness of adidas Marks by eroding the public's exclusive identification of these famous and well-known marks with adidas, and tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish adidas's goods and services.

77.    Defendant is causing and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of the famous adidas Marks in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-

21-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).  adidas therefore is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.      Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined permanently, from:

   a.   using the Infringing Logo on or in connection with Defendant's goods;

   b.   manufacturing, sourcing, distributing, marketing, promoting, offering for sale, or selling the Infringing Apparel;

   c.   using adidas's Three-Stripe Mark or any other copy, reproduction, colorable imitation or simulation of the Three-Stripe Mark on or in connection with Defendant's products;

   d.   using adidas's Badge of Sport Mark or any other copy, reproduction, colorable imitation, or simulation of the Badge of Sport Mark on or in connection with Defendant's products;

   e.   using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the adidas Marks;

   f.   using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by adidas, are sponsored or authorized by adidas, or are in any way connected or related to adidas;

   g.   using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of adidas; and

23-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

h.   passing off, palming off, or assisting in passing off or palming off Defendant's

goods as those of adidas, or otherwise continuing any and all acts of unfair

competition as alleged in this Second Amended Complaint;

2.      Defendant be ordered to recall and retrieve all products bearing the adidas Marks
or any other confusingly similar variation thereof, which have been shipped by Defendant or
under its authority, to any store or customer, including, but not limited to, any retail store,
marketer, distributor, or distribution center, and also to deliver to each such store or customer a
copy of this Court's order as it relates to said injunctive relief against Defendant;

3.      Defendant be ordered to deliver up for impoundment and for destruction all
apparel, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional
material, stationery, or other materials in the possession, custody, or under the control of
Defendant that are found to adopt, use, feature, infringe, or dilute any of adidas's trademarks or
that otherwise unfairly compete with adidas or adidas's products;

4.      Defendant be compelled to account to adidas for any and all profits derived by
Defendant from the sale or distribution of counterfeit or otherwise infringing goods as described
in this Second Amended Complaint;

5.      adidas be awarded all damages caused by the acts forming the basis of this
Second Amended Complaint;

6.      Based on Defendant's knowing and intentional use of counterfeit and/or
confusingly similar imitations of the adidas Marks, the damages award be trebled and the award
of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b), or
alternatively, and at adidas's election, pursuant to 15 U.S.C. § 1117(c), for any goods bearing a
counterfeit mark, adidas be awarded statutory damages for Defendant's willful use of a
counterfeit mark;

24-  SECOND AMENDED COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

7.      Defendant be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Second Amended Complaint;

8.      Based on Defendant's willful and deliberate infringement and/or dilution of the adidas Marks, and to deter such conduct in the future, adidas be awarded punitive damages;

9.      Defendant be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

10.     adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED:  April 13, 2016

**PERKINS COIE** LLP

By:  s/ Stephen M. Feldman
     Stephen M. Feldman, OSB No. 932674
     SFeldman@perkinscoie.com
     1120 N.W. Couch Street, Tenth Floor
     Portland, OR  97209-4128
     Telephone:  503.727.2000
     Facsimile:  503.727.2222

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (admitted *pro hac vice*)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

25-  SECOND AMENDED COMPLAINT